E. P. & J. W. BLISS *v.* CONNECTICUT AND PAS. RIVERS RAILROAD COMPANY.

*Service by indifferent persons. Defective service. Motion to dismiss. Abatement. Amendment.*

Where the defects, sought to be taken advantage of, are in the form of the authority, or in the service of the writ, it should be by plea in abatement.

But when the defect, complained of, is a total want of an essential ingredient either in the writ, or service of the writ, and that apparent upon the record, it may be taken advantage of upon motion to dismiss.

Amendments to the record, can be made, as well on motion to dismiss, as on a plea.

THIS was an action on the case. The defendants filed in court the following motion to dismiss. " And now the defendants come

" and move said cause to be dismissed, because said writ purports to
" have been served by William Barker an indifferent person, and
" by no other person, or officer, and it does not appear that said
" Barker was in anywise authorized to serve said writ, and de-
" fendants have never accepted service of the same. Therefore,
" they pray said suit and said writ be dismissed, and for their
" costs."*

This motion was filed within the rule of the county court, for
filing pleas in abatement and dilatory pleas. The return upon the
writ was signed William Barker, indifferent person. The writ
was not directed to him, nor did it appear from the writ, that he
was in any way authorized to serve the same.

The county court, January term, 1851, overruled said motion,
and rendered judgment that the defendants answer over. To
which decision of the court, in rendering such judgment, and
overruling said motion, the defendants excepted.

*Parker and Underwood* for defendants.

This method of taking advantage of defects apparent on the rec-
ord is familiar to our legislation. Comp. Stat., 242, 243, Sect. 5,
10 & 284, Sect. 1. So in the case at bar, all appears by inspec-
tion of the writ. We may as well take advantage of the defect
by motion, as of the defect that the true day, month, &c., are not
noted on the process as was done in *Dassance* v. *Gates,* 13 Vt.
275. *Hubbell* v. *Gale,* 3 Vt. 266. The statute is, " the writ of
" process may be directed to and served by an indifferent person
" being named." Why directed to him? because only by the
direction does he get his authority; and only by that can this
court recognize his authority to act. Why named? So that the
court on inspection, may see it. No matter who makes the return
or signs it, if it be not the person to whom directed and being nam-
ed, it is no service, it is wholly void. If an authorization is void,
if made before the writ is filled, certainly a total absence of au-
thority on a filled writ is equally bad. *Kelly* v. *Paris et al.,* 10
Vt. 261. *Dolbar* v. *Hancock,* 19 Vt. 388.

* The defendants, after verdict for plaintiffs, and before judgment thereon, filed
a motion in arrest, alledging that the declaration and matters therein contained are
not sufficient in law. The case turned upon the motion to dismiss, above recited,
and the motion in arrest was not passed upon by the court.

Generally, if matters of abatement are apparent on the record, the exception may be taken by motion. *Nye* v. *Liscomb*, 21 Pick. 263. *Guild* v. *Richardson*, 6 Pick. 363. *Simonds* v. *Parker* 1 Met. 508. *Jacobs* v. *Millen*, 14 *Mass.* 132. *Ames* v. *Winsor*, 19 Pick. 247. *Bullard* v. *Nantucket Bank*, 5 Mass. 99. *Hawks* v. *Kenebeck*, 7 Mass. 461. *Hart* v. *Fitzgerald*, 2 Mass. 209. *Wood* v. *Ross*, 11 Mass. 271. *Gage* v. *Gannett*, 10 Mass. 176.

When there is no legal service of the writ, and the defect is apparent on the record, the court will abate the writ. *Carlisle* v. *Weston*, 21 Pick. 535. *Tingly* v. *Bateman*, 10 Mass. 350. *Lawrence* v. *Smith*, 5 Mass. 362.

*R. McK. Ormsby* for the plaintiffs.

The motion to dismiss was rightly overruled, because the defect in service, if any, was not apparent of record. *Mitchell* v. *Starbuck*, 10 Mass. 6. *Gage* v. *Gannett*, 10 Mass. 176.

Since void, deputation is only matter of abatement, and if not so pleaded, the execution will not be void. *Kellogg, ex parte,* 6 Vt. 509. The language of the motion is argumentative. *Hill* v. *Powers*, 16 Vt. 516.

Any irregularity, or defect in service, must be pleaded in abatement. *Charlotte* v. *Webb*, 7 Vt. 38.

BY THE COURT. In this case, the writ was served by an indifferent person, and no authority whatever appears for such service. The defendants moved to dismiss the action for want of service, therein alledging that the person serving the same, " does not appear to have had *any authority to serve the same*," and that the writ purports to have been served by such indifferent person, and that defendants have not accepted service.

If the defects complained of, were in the *form* of the authority, or in the service, it should clearly be pleaded in abatement, or it would be disregarded, but where the defect complained of, is a total want of an essential ingredient either in the writ, or service, it has been customary to take notice of it upon motion.

If the writ was not signed by any one having authority to sign writs, or not signed at all, or if it were signed by one having no authority whatever, or not served at all, and if these defects are in their nature incapable of cure by any supposable replication,

we do not see why the defect may not be taken advantage of, by motion to dismiss.

And in the present case, if the form of the authorization were ever so defective, or if there were any mode known to the law, by which an authority to serve writs, could be conferred by an act not appearing on the writ, or if there were any supposable mode in which an indifferent person could serve a court writ, not directed to him by name, we should certainly feel called upon to overrule this motion, or to affirm the judgment of the county court doing so.

And under the circumstances of the present case, after verdict and judgment, if the judgment could fairly be affirmed, without seeming absurdly refined in escaping obvious and glaring defects, sufficiently apparent not to escape the notice of any one, and as fatal as any defect could be, we should certainly be inclined to do it. If this motion had not been filed strictly within the rule of the county court, we would presume the court overruled it for that cause. But we have not been able to find any such mode of escape.

And it seems to us the defect is one of *merits*, and that it is *entire* and not merely formal, or circumstantial, and that it is so apparent upon the record, that it is impossible to say it may not be taken advantage of by motion to dismiss, and that it is not curable by any supposable replication, and that it is therefore fatal even in this form.

The supposition which is the only one by which we have seen any mode of making out any service of the writ, i. e., that Barker might have been a constable or sheriff, if it had been true, should have been brought upon the record by an amendment.— This might have been done as well on a motion to dismiss, as on a plea.

With a sincere desire to escape the consequences of this motion at this late stage in the case, and an earnest effort to do so, we have found it impossible, and the judgment is therefore reversed and the suit dismissed. *Case* v. *Humphrey*, 6 Conn. R. 130, seems fully to sustain the view here taken.