GEORGE WASHBURN *v.* H. H. HAMMOND.

*County Court writ. Defective service. Plea in abatement.*

The justice form, of authorizing one to serve a writ, does not confer sufficient authority to serve a County Court writ.

And this defect may be taken advantage of, by plea in abatement, or motion. *Bliss v. Pass. Riv. Railroad Co.,* 24 Vt. 428.

A plea in abatement, in such a case, is sufficient in form, when it alledges that the writ was served, stating the mode, and the time, and place, and that the person had no authority, and refers to the writ for verification.

BOOK ACCOUNT. The writ was returnable before the County Court, December Term, 1852.

The defendant filed his plea in abatement, setting forth, "that "said writ was served on the defendant at Reading, in the county ".of Windsor, on the 12th day of May, 1852, by one Samuel Cady, "who was not then and there authorized, according to the laws of "this State, to serve said writ upon this defendant in any way or "manner whatever, as appears by said writ, and the return there- "on, and that said writ was never served on this defendant at any

" other time, nor by any other person whatever, and that said writ " was never served on this defendant by any person authorized by " law, or in the manner prescribed by the laws of this State, to " serve said writ upon this defendant, nor did this defendant ever, " at any time, or in any manner, agree to accept service of said " writ, or to waive such service," &c.

To this plea there was a general demurrer. The authorization upon the writ was as follows: " I hereby authorize Samuel Cady to serve and return this writ."

" HENRY BARNARD, *Justice Peace.*"

The County Court, December Term, 1852,—COLLAMER, J., presiding,—adjudged the plea sufficient.

Exceptions by plaintiff.

*J. Ward* for plaintiff.

*S. Fullam* for defendant.

The opinion of the court was delivered by

REDFIELD, CH. J.　It has always been considered, that the justice form of authorizing one to serve a writ, would not confer authority to serve a County Court writ.　The justice form is given for justice writs, and is made sufficient, by statute, for the purpose for which it was given.　But it omits almost all the essential requisites of an authority to serve writs, required by statute.　It does not state the want of a proper officer, or even that the person is indifferent.

This defect appears upon the face of the process, and may be taken advantage of by plea in abatement, or motion, as was held in the case of *Bliss* v. *Pass. & Conn. Riv. Railroad Co.*, 24 Vt. 428.

In the present case, it seems to us, that the plea is sufficient in form.　It alledges that the writ was served, stating the mode, and the time and place, and that the person had no authority, which appears on the writ to be true, and refers to the writ for verification.　This is all the specification of facts, which it occurs to us, the case is susceptible of.　And the case does then absolutely negative all other service whatever.

Judgment affirmed.