Howard *v*. Walker et al.

WILLIAM H. M. HOWARD *v*. WALKER AND SCOTT.

*Pleading. · Service of Process by Authorized Person.*

Where total want of authority, in a person who undertakes to serve a writ, to make the service, appears upon the face of the process, the defect may be taken advantage of upon motion to dismiss or plea in abatement. 25 Vt. 648.

The question of authority to make the service is to be determined upon the facts alleged and admitted by the pleadings.

Where a county court writ is served by an authorized person, deriving his authority from an authorization upon the back of the writ, in the form prescribed for justice writs, it is a fatal defect, which may be taken advantage of by motion to dismiss or plea in abatement.

The motion and plea in this case held sufficient.

ASSUMPSIT. The defendants filed a motion to dismiss, and also a plea in abatement. The plaintiff demurred to the *motion* and *plea*. The court, at the Orange County, January Term, 1866, PECK, J., presiding, *pro forma*, decided the *motion* and *plea* sufficient, and that the writ abate,—to which the plaintiff excepted.

The writ and deputation thereon were referred to in the exceptions " if properly a part of the case," but the plaintiff insisted that they were not part of the plea or motion, and could not be referred to in determining the sufficiency of the same, and that they ought not to be referred to in the exceptions as a part of the case, and the question was left for the supreme court to decide whether it was proper to refer to them in the exceptions as a part of the case.

The writ was a county court writ, and the service was made by one S. B. Darling, an "authorized person," and his authority was derived from an authorization on the back of the writ, in the form prescribed for justice writs.

The motion filed was as follows : "And now the defendants come and move said cause to be dismissed, because said writ purports to have been served by S. B. Darling, an authorized person, and by no other person or officer, and it does not appear that said Darling was in any wise authorized to serve said writ, and defendants have never accepted service of the same. Therefore they pray that said suit and said writ be dismissed and for their cost."

And the plea as follows : " And now come the above name defendants, by" * * * "and pray judgment of the writ in the above entitled cause, and say that the same ought to abate, because, they say, that the said writ was served by attaching the property on the," etc., * * * "of the defendant, by S. B. Darling, as an authorized person, and that afterwards, on the" * * * "further service of said writ was made by said S. B. Darling, as an authorized person, upon Philip H. Walker, one of said defendants, by delivering to him an attested copy thereof; without this, that the said writ was served by any other person, or in any other manner. And the defendants further say that the said writ was signed by J. B. Dearborn, justice of the peace ; that the authorization of the said S. B. Darling was at the time of the service of the said writ, as aforesaid,

endorsed upon the back of the same, in the following words, to-wit : " I hereby authorize S. B. Darling to serve and return this writ,"— which said authorization was then and there signed by one John G. Eastman, justice of the peace, and not by the authority signing said writ ; and so the defendants say that the said S. B. Darling, at the time of the service of said writ, was not authorized by law to make service and return thereof. Whereupon they pray judgment of said writ, that it may be quashed, and for their costs. "

*Wm. Hebard*, for the plaintiff.

I. The motion to dismiss the writ cannot prevail. The motion does not allege a total want of authority, but simply a *defective authorization.*

When there is a *want* of *jurisdiction* in the court, or where the *writ itself* is a *nullity*, so that a judgment would be *incurably erroneous*, the court will on *motion* dismiss the writ. But if the defendants intend to insist upon any irregularity or defect in the service, he must set forth the irregularity or defect, in a plea framed according to the established rules of pleading. *Charlotte* v. *Webb & Newell*, 7 Vt. 38 ; *Bliss* v. *Conn. & Pass. R. R. R. Co.*, 24 Vt. 428.

II. But if the defect in the service complained of could be reached by motion, still the motion must contain all the elements of a plea, and must conform to the rules of pleading, and set forth, and negative all the facts necessary for a good plea. *Pollard* v. *Wilder.* 17 Vt. 48.

III. The plea and motion are both defective in that they do not contain certain averments and allegations, as decided in *Sumner* v. *Sumner*, 36 Vt. 105 ; also see *Hill* v. *Powers*, 16 Vt. 516 ; *Morse* v. *Nash*, 30 Vt. 76.

IV. The plea is bad in that it commences and ends with a prayer for judgment. 1 Chit. Plead. 451.

All defects in pleas in abatement may be taken advantage of under general demurrer. *Landon* v. *Roberts*, 20 Vt. 287.

V. The plea is bad for *duplicity*. 1. The plea alleges a defective service as a cause for abating the writ. 2. It also alleges a defective authorization of the person who served it.

*S. M. Gleason* and *Washburn & Marsh*, for the defendants.

Darling had no authority to serve the writ. *Washburn* v. *Hammond*, 25 Vt. 648. And the suit was properly dismissed, upon the motion filed. *Bliss* v. *Conn. & Pass. R. R. R. Co.*, 24 Vt. 428.

The plea in abatement presents an issuable fact, not necessarily apparent upon the writ, which is admitted by the demurrer, and is sufficient to abate the writ.

The opinion of the court was delivered by

WILSON, J. The motion to dismiss assigns as a reason for dismissing the action that the writ purports to have been served by S. B. Darling, an authorized person, and by no other person or officer ; that it does not appear that Darling was in any wise authorized to serve the writ, and it avers that the defendants have never accepted service. If the defect complained of is a total want of authority in the person who undertook to serve the writ it may be taken advantage of upon motion to dismiss. In *Bliss* v. *Connecticut & Passumsic Rivers Railroad Company*, 24 Vt. 428, the return on the writ was signed " William Barker, indifferent person," but the writ was not directed to him, nor did it appear that he was in any way authorized to serve it. The court held in that case that the defeat was one of substance, that it might be taken advantage of, upon motion, and dismissed the action. It is claimed by the plaintiff that the motion should not prevail, because it does not allege a total want of authority in Darling to serve the writ. The motion alleges certain facts, and upon the facts alleged and admitted by the pleadings, the question of Darling's authority to serve the writ is to be determined. In *Washburn* v. *Hammond*, 25 Vt. 648, the plea in abatement allege that the writ was served by one Samuel Cady, who was not authorized according to the laws of this state to serve the writ, and that it was never served by any person authorized to serve it. In that case the authorization was on the back of the writ, in the form authorized on writs returnable before a justice. The court in that case say : " It has always been considered that the justice form of authorizing one to serve a writ would not confer authority to serve a county court writ. It omits almost

Howard *v.* Walker et al.

all the essential requisites of an authority to serve writs, required by the statute." The court held that when the defect appears upon the face of the process, it may be taken advantage of by plea in abatement, or motion, as was held in the case of *Bliss* v. *Conn. & Pass. Rivers R. R. Co.*, 24 Vt. 428. In this case the defect is not merely in the form of the authority, but there was a total want of authority in Darling to serve the writ, and the case comes directly within the authority of the cases above cited.

The result is that the judgment of the county court is affirmed.