## THE UNITED STATES ENVELOPE COMPANY vs. THE TOWN OF VERNON.

First Judicial District, Hartford, October Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Section 3860 of the General Statutes provides that any one claiming to be aggrieved by the action of the board of relief may, within two months of the time of such action, make application, in the nature of an appeal therefrom, to the Superior Court, accompanied by a citation to the town to appear before such court, which shall be signed by the same authority and be served and returned in the same manner as a summons in a civil action. *Held* that a suit brought in the ordinary form by writ and complaint against the town, setting forth the action of the board of relief and alleging that the plaintiff was aggrieved thereby and therefore brought his action, "being an appeal from the doings of the board of relief," and praying for a reduction in the assessed valuation of the property, substantially complied with the statute, and that the defect of form in the process, if any, was merely circumstantial, and, under § 1000 of the General Statutes, was not a ground of abatement.

The defendant pleaded in abatement, alleging, in the words of the statute, that the plaintiff did not, within two months after the action of the board of relief, make application in the nature of an appeal, etc., but had merely caused a writ duly signed to be served upon the town and returned to court. The plaintiff denied the allegations of this plea and the trial court found its averments to be true. It appeared from the writ itself, which was the only evidence before the trial court, that the process was issued, served and returned to court within the time prescribed. *Held* that this finding obviously did not mean that the alleged appeal was not taken within the two months, but only that the form of the proceeding did not comply

with the form required by the statute. *Held* also, that if the question of conformity to the statute was one which could be raised by a plea in abatement, the plea should have set forth wherein the proceeding adopted failed to comply with the statutory requirements.

Argued October 3d—decided October 27th, 1899.

ACTION in the nature of an appeal from the doings of the board of relief of the town of Vernon, brought by writ and complaint to the Superior Court in Tolland County and tried to the court, *Shumway, J.,* upon a plea in abatement; the court sustained the plea and dismissed the complaint, and the plaintiff appealed for alleged errors in the rulings of the court. *Error and judgment reversed.*

The form of the proceeding was that of an ordinary civil action under the Practice Act, commencing with a summons directed to the sheriff of Tolland County, etc., commanding him to summon the town of Vernon to appear before the Superior Court, etc., to answer unto the said company "in a civil action, being an appeal from the doings of the board of relief of said town as hereinafter stated, whereupon the plaintiff declares, complains and says." Then follow twelve numbered paragraphs describing the plaintiff corporation, alleging its ownership of personal and real property in this State, the action of the assessors in placing the same in the tax list, the plaintiff's appeal to the board of relief, the action of that board on the 4th day of February, 1899, refusing to grant the relief prayed for by the appeal, and that the plaintiff "is aggrieved by the action of the board of relief in the premises, and within two months from the time of said action brings this its appeal to this court from said doings of said board, and asks this court to reduce the said valuation . . . to the proper valuation, . . . and for such action and further relief as the appellant may be found by the court to be entitled to." There followed a proper bond of recognizance to the town of Vernon, and a direction to the officer to make due return, etc. The proceeding was dated March 11th, 1899, and was signed by a justice of the peace.

The defendant pleaded in abatement as follows, omitting

the second paragraph of the plea: " The appellee, the said town of Vernon, comes into court and prays judgment of the writ and complaint of the United States Envelope Company in the above-entitled action, and says that the same ought to abate and be dismissed, because it says: 1. That the United States Envelope Company, which claims to be aggrieved by the action of the board of relief of the town of Vernon, did not within two months from the time of such action make application in the nature of an appeal from said board of relief of said town of Vernon, to the Superior Court in and for the county of Tolland, in which the said town of Vernon is situated, and there is not accompanying such application a citation to said town of Vernon to appear before the Superior Court for Tolland County, in which said town of Vernon is situated, but the United States Envelope Company has merely caused a writ, signed by John E. Fisk as justice of the peace, to be served upon the town of Vernon, and returned to this court."

The plaintiff's reply denied the allegations of the plea in abatement.

The court filed a ruling in writing that it found the facts stated in the first and second paragraphs to be true, and rendered judgment dismissing the plaintiff's complaint. The court also filed a finding of facts, in which it stated that the only evidence offered in support of the facts alleged in the plea in abatement was the writ and complaint.

*Lewis Sperry* and *John E. Fisk*, for the appellant (plaintiff).

*Charles Phelps*, for the appellee (defendant).

HALL, J. The reply denying the allegations of the plea in abatement raised an issue of fact, which the record states was decided in favor of the defendant. But the record further shows that the proceeding, which the plaintiff claims is an application to the Superior Court under § 3860 of the General Statutes, was dated the 11th of March, 1899, and served upon the defendant town upon the 15th of that month,

and that the date of the adverse action of the board of relief was February 4th, 1899.

In filing his ruling upon the plea in abatement, that he found " the facts stated in the first paragraph to be true," the trial judge evidently did not mean to say that the alleged appeal, which the defendant sought to have abated, was not taken within the two months limited by the statute. As the finding states that the only evidence offered upon the trial of the issue was the writ and complaint, we may, as counsel have done in their argument before us, treat the judgment of the trial court as a ruling that such writ and complaint are not an application in the nature of an appeal, within the meaning of the language of § 3860.

If that question is one which can be raised by a plea in abatement, it would have been more properly presented in this case had the defendant set forth particularly in its plea wherein the plaintiff by adopting this form of procedure did less or more than is required by the provisions of § 3860 to enable it to obtain the relief which the Superior Court may grant under § 3863.

Section 3860 is as follows : " Any person claiming to be aggrieved by the action of the board of relief in any town, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the Superior Court of the county in which such town is situate, which shall be accompanied by a citation to said town to appear before said court, which shall be signed by the same authority, returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action."

The claim of the defendant seems to be that an appeal from a board of relief, being purely a statutory proceeding, its form is regulated by § 3860, and not by the provisions of the Practice Act; and therefore that a proceeding by summons and complaint in the ordinary form of a civil action, irrespective of what may be the allegations of the complaint or the prayer for relief, is of so different a character from the application described in § 3860 that it is abatable.

From the fact that an application to the Superior Court may be made under § 3860 which does not conform to all the requirements of the Practice Act, it does not follow that such an application may not be made by summons and complaint in the ordinary form of civil action prescribed by the Practice Act. An application to the Superior Court need not necessarily be in the form of a civil action, but every civil action returnable to the Superior Court is an application to that court for either legal or equitable relief. The proceeding instituted by the plaintiff is therefore an application to the Superior Court.

In what respects does it fail to meet the requirements of § 3860? It is accompanied by a process to cause notice to be given to the defendant to appear in court, which is the office of a citation and of a summons. That process is "signed by the same authority, returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action," and the authority signing the summons or citation has taken a proper bond of recognizance. The only provision of the section in question which can be said to refer to the allegations to be made in the application, is that it shall be in the nature of an appeal. That this proceeding is in the nature of an appeal from the action of the board of relief, is shown by the language of the complaint describing the action of the assessors and board of relief, and alleging that the plaintiff is aggrieved by such action, and that within two months from the time of said action it has brought its appeal to the Superior Court; and by the relief asked for, which is a reduction in the valuation of certain property from that made by said boards, and such further relief as the court may find the appellant entitled to receive.

These are allegations clearly showing that this is a proceeding having for its purpose the removal of a cause from a lower to a higher tribunal for retrial or review. Whether such a proceeding is in the form of a summons and complaint, as provided by the Practice Act, or of an application or petition addressed to the Superior Court as bills in equity formerly were, they are in the nature of appeals, and may properly

be so termed.   *Greenwoods Co.* v. *New Hartford*, 65 Conn. 461, 464.

The proceeding is a statutory one.   The right to such an appeal was first granted by Chap. 32 of the Public Acts of 1878.   By that Act the citation accompanying the application was to be of the form and served in the manner of citations attached to bills in equity.   In the Revision of 1888, when the bill in equity had become merged in the complaint of the Practice Act, the citation was made to conform to the summons in a civil action, but the form of the proceeding was not otherwise changed.   It was described as an application in the nature of an appeal, and not as a complaint or an application in the form or nature of a complaint in a civil action. It is still so described in Chap. 156 of the Public Acts of 1895.

Other statutes authorize appeals of a similar character *by application or petition* to the Superior Court, such as appeals by street railways from the orders of municipal authorities, appeals from railroad commissioners, from harbor commissioners, from assessments of damages and benefits by the layout of highways or construction of public works.   These statutes were either originally passed or have been re-enacted since the adoption of the Practice Act in 1879, and yet they contain no language indicating that such appeals must be in the form of a complaint or must conform to the requirements of the Practice Act or the rules under it.

In the absence of any special provision as to the form of such appeals other than that contained in § 3860, we think it was meant that the aggrieved party might proceed by an application or petition, stating the facts and praying for appropriate relief, addressed to the Superior Court, after the manner of a petition in equity under the old practice, and accompanied by a citation in the ordinary form.

When a proceeding by summons and complaint in the form of a civil action meets the requirements of the statute granting the right of appeal, that form of procedure may be adopted. Of the four appeals from boards of relief which have come before us at the present term, two are in the form of the ordinary complaint in civil actions, and two are addressed to

the Superior Court as were formerly bills in equity. Such a difference in the form in which the application is addressed to the Superior Court would be at the most but a circumstantial defect which, under § 1000 of the General Statutes, would not render the process abatable. The judgment of the Superior Court that the complaint abate and be dismissed, was erroneous.

There is error and the judgment is reversed.

In this opinion the other judges concurred.