### The Village Creek Homeowners Association, Inc. v. Public Utilities Commission et al.

Baldwin, C. J., King, Murphy, Mellitz and Bordon, Js.

Argued March 9—decided May 2, 1961

*Sidney Vogel,* with whom was *Robert B. Seidman,* for the appellant (plaintiff).

*Walter F. Torrance,* for the appellee (defendant Connecticut Light and Power Company).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (named defendant).

MURPHY, J.  The plaintiff appealed to the Superior Court from an order of the public utilities commission granting permission to the Connecticut Light and Power Company to construct an additional steam turbine generator on Manresa Island in Norwalk.  The complaint, copies of which were served upon the commission and the power company by a deputy sheriff, recited that it was an appeal to the Superior Court from the particular order of the commission; that the plaintiff and its members own residential property in the immediate neighbor-

hood of the plant; and that they are aggrieved by the order. The complaint contains numerous reasons upon which the appeal is predicated. It was signed by a commissioner of the Superior Court. It did not, however, contain a citation directing the officer to make service upon either the commission or the power company and to summon them to appear in court. After the complaint, with the officer's return endorsed thereon, was filed in court, both defendants moved to erase the appeal for want of jurisdiction. The Superior Court granted the motions, and the plaintiff has appealed.

Appeals from any order, authorization or decision of the commission, except those approving the taking of land, are to be taken to the Superior Court within thirty days after the filing of the order, authorization or decision. General Statutes § 16-35. "Such appeal shall be brought by a complaint in writing, stating fully the reasons therefor, with a proper citation, signed by competent authority, and shall be served at least twelve days before the return day upon the secretary of the commission and upon all parties having an interest adverse to the appellant." § 16-37.

The questions to be determined are (1) whether the absence of a citation, signed by competent authority, renders the attempted appeal fatally defective and, if so, (2) whether a motion to erase is the proper way in which to take advantage of the defect. The commission and the power company concede that they had notice of the purported appeal but maintain that that is not enough to confer jurisdiction on the court.

The citation required by § 16-37 is a command to a duly authorized officer to summon the commission and all parties having an interest adverse to the

appellant to appear in court on a specified day to answer the complaint. The summons is to be by service of true and attested copies of the complaint and the citation in the manner provided for the service of civil process. Practice Book, Form No. 472. The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. *Guarantee Trust & Safe Deposit Co.* v. *Buddington, Wilson & Co.*, 23 Fla. 514, 528, 2 So. 885; 2 Encyc. Pleading and Practice, p. 211. Without it, the officer would be little more than a deliveryman. *Hartley* v. *Vitiello*, 113 Conn. 74, 79, 154 A. 255. It is not to be assumed that the legislature, in providing that the citation be a proper one and that the official who signs it be legally qualified to do so, intended to incorporate into § 16-37 words that are insignificant and meaningless. *State ex rel. Kirby* v. *Board of Fire Commissioners*, 129 Conn. 419, 424, 29 A.2d 452. The citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. *Baham* v. *Stewart Bros. & Co.*, 109 La. 999, 1006, 34 So. 54. A proper citation is essential to the validity of the appeal and the jurisdiction of the court. *Case* v. *Humphrey*, 6 Conn. 130, 139; *State* v. *Leach*, 7 Conn. 452, 456; *Washburn* v. *Hammond*, 25 Vt. 648, 649; *Kitchen* v. *Randolph*, 93 U.S. 86, 87, 23 L. Ed. 810. A citation is not synonymous with notice. *Perez* v. *Perez*, 59 Tex. 322, 324.

Where want of jurisdiction appears on the face of the record, as it did in this case, a motion to erase is proper. *Felleter* v. *Thompson*, 133 Conn. 277, 279, 50 A.2d 81; *Michelin* v. *MacDonald*, 114 Conn. 582, 583, 159 A. 636. While any question of want

of jurisdiction may be raised by a plea in abatement under § 52-91, and that plea is necessary if facts which do not appear in the record are relied upon, a plea in abatement has not displaced the motion to erase in a proper case. *Felleter* v. *Thompson,* supra.

After the defendants had filed their motions to erase, the plaintiff filed a motion for permission to amend the process upon the appeal by adding thereto the omitted citation, and later filed a motion to strike the defendants' motions to erase. The court denied the plaintiff's motions. The action of the court was correct. The defendants had the right to take advantage of the defect in the appeal, and the court was obliged to dispose of the question of jurisdiction before any motion or pleading by the adverse party could be entertained. *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 658, 41 A.2d 912; *Anthony* v. *Beebe,* 7 Ark. 447, 449.

In *United States Envelope Co.* v. *Vernon,* 72 Conn. 329, 44 A. 478, an appeal from a board of relief, we held that the action did not abate by reason of the fact that the plaintiff had instituted its proceeding by writ, summons and complaint instead of in the manner of a petition in equity. The writ contained a direction to the proper officers for service and a command to summon the defendant to appear in court. 1 Rec. & Briefs, No. 10. The lack of both these essentials in the instant case constitutes more than a circumstantial defect.

There is no error.

In this opinion the other judges concurred.