[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Linda Tableman and Steven Tableman, have moved to dismiss this action and to modify, dissolve or vacate a prejudgment attachment and garnishment entered ex parte by the court (Curran, J.), pursuant to section 52-278e
(a)(D) and (E) upon the plaintiff's representation that the defendants had moved to Singapore and had engaged in conduct indicating an intent to fraudulently dispose of the funds at issue in the complaint filed by the plaintiff, Ellen Plasil.
Specifically, the ex parte order authorizes attachment to the extent of $187,000.00 of the interest of the defendants in real property located at 38 Pisgah Mountain Road in Oxford and garnishment of the wages owed to the defendant Steven Tableman by his employer, Union Carbide Corporation, up to seventy percent of his weekly income from the garnishee.
In a supplemental order, the court (Curran, J.) authorized garnishment of any funds held for or debt owed to Linda Selby Tableman by People's Bank. The defendants' motion is not addressed to the supplemental order.
The motion to dismiss the complaint is based, inter alia, on grounds of insufficiency of service and lack of in personam jurisdiction.
In her complaint, the plaintiff alleges that she and CT Page 3068 Linda Selby Tableman ("Attorney Tableman") practiced law as partners for approximately one year and that in April 1989 she dissolved the partnership in a manner which resulted in the filing of cross complaints (Nos. CV89-028334 and CV89-028379, Judicial District of Ansonia-Milford at Milford). The present complaint indicates that the plaintiff and Attorney Tableman entered into a written agreement governing the disputes between them and that this agreement (Exhibit C) formed the basis of stipulated judgments entered in the two civil actions on May 8, 1989.
The agreement provided, inter alia, that Plasil would retain a suit brought for a client of the partnership named Wolke and that Attorney Tableman would retain a suit brought on behalf of a client named Perez and that the former partners would divide equally the attorneys' fees received in those cases. The plaintiff alleges that Attorney Tableman settled the Perez case and received a fee in the amount of $125,000 but failed to disburse the plaintiff's share and fraudulently concealed the fact that the Perez case had been settled. The plaintiff further alleges that Attorney Tableman and her husband secreted the $125,000 and converted the whole fee to their own use and then, in early January 1990, moved to Singapore after hiding or alienating their assets in this country.
In her complaint, the plaintiff alleges that the defendants have committed larceny pursuant to section 52-564
C.G.S. (Count One and Two), that they have converted her half of the $125,000. fee, to their own use (Count Three) that they have defrauded her by false statements as to the status of Perez (Count Four), that Attorney Tableman has engaged in an unfair trade practice in violation of section 42a-11-a et seq. C.G.S. (Count Five), that Attorney Tableman has breached her written contract of May 8, 1989 (Count Six) and that Attorney Tableman fraudulently conveyed her interest in her residence at 38 Pisgah Mountain Road, Oxford to her husband to hinder, delay and defraud her creditors, including the plaintiff.
1. Sufficiency of Process
The process served on the defendants consisted of a writ of attachment and garnishment and supporting affidavit and exhibits, the complaint, and a summons which stated, in toto, as follows:
 Greetings: By authority of the State of Connecticut you are hereby commanded to serve true and attested copies of the Application for Prejudgment Remedies CT Page 3069 Without Hearing, supporting affidavit, writ, summons, complaint and Order of this Court as provided by law upon the following defendants:
 [a listing of the names and addresses of the defendants and of the garnishee followed]
Hereof fail not, but due service and return make.
The plaintiff returned the process to Court on February 7, 1991.
On March 14, 1991 the defendants moved to dismiss the complaint for insufficiency of process, noting that the above summons failed to identify the court to which the process was returnable, its address, or the return day or any recognizance to prosecute, as required by section 52-45b
C.G.S. and section 49 Practice Book.
On March 27, 1991, the plaintiff filed a pleading titled Amendment to Summons, invoking section 175 Practice Book, which permits a plaintiff to "amend any defect, mistake or informality in the writ, complaint or petition. . ." without costs during the first thirty days after the return day.
The plaintiff urges that the deficiencies of her summons be overlooked as circumstantial pursuant to section 52-123
C.G.S., which provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
In Hillman v. Greenwich, 217 Conn. 520, 524-526 (1991), the Connecticut Supreme Court ruled that failure to include a writ of summons that included the information required by section 49 Practice Book and set forth in the applicable Practice Book form required the dismissal of the complaint. The court noted that "a summons is part of a citation. `The citation. . .is a command to a duly authorized officer to summon [the defendant]. . .to appear in court on a specific day to answer the [complaint]." Hillman v. Greenwich,217 Conn. at 520, citing Village Creek Homeowners Association v. Public Utilities Commission, 148 Conn. 336, 338-9, 170 A.2d 732
(1961).
The Supreme Court held that a writ of summons is "an essential element to the validity of the jurisdiction of the court" Hillman v. Greenwich, supra, at 526, and observed CT Page 3070 "[a]lthough the writ of summons need not be technically perfect and need not conform exactly to the form set out in the Practice Book. . .the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." id.
The summons in the instant case failed to indicate the address of the court, a clear statement of the return day, or the need to file appearances on or before the second day following the return day, the basic information required where, as here, litigation commences with a writ of attachment. See P.B. Form 103.2. The summons was plainly insufficient.
The plaintiff's filing of an amended summons with service not on the defendants but on counsel who had appeared on their behalf, did not cure the defect in service of process. Hillman v. Greenwich, 217 Conn. 520, at 526-527.
The process served on defendants Linda Selby Tableman and Steven Tableman was defective, and the complaint is dismissed as to them.
The defendants also claim that service of the writ of garnishment on Union Carbide Corporation was defective. Pursuant to section 52-335 C.G.S., service on a corporation as a garnishee is made by a proper officer leaving process of foreign attachment at least twelve days before the process is returnable, "at the usual place of abode of its secretary or clerk, or any agent or clerk employed by such corporation to keep its accounts or pay its employees in the town where it transacts business and where any moneys, which may be owing to the defendant, are due and payable." Section 52-338 C.G.S. provides that:
"When the garnishee does not reside in this State but is engaged in the transaction of business therein by an agent or agents, process may be served on such garnishee by leaving a true and attested copy thereof with such agent or agents."
The sheriff's return states that service was made on the garnishee Union Carbide Corporation by service on "Diane Gardner, secretary to and designated to accept service for Mel Kessinger, Vice-President, Human Resources, for Chemical and Plastics Company." No evidence was presented at the hearing on the motion to dismiss to indicate that the person served did not fill the description set forth in section 52-335
C.G.S., even assuming that the defendants, rather than the garnishee, had standing to object to the adequacy of service on the garnishee. See contra, Louring v. Kuwait CT Page 3071 Boulder Shopping Co., 455 F. Sup. 630 (D. Conn. 1977). The motion to dismiss and/or vacate the garnishment for insufficiency of process is denied.
The defendants also contest the sufficiency of the method of service of the real estate attachment as to the property in Oxford. The sheriff's return, dated February 4, 1991, states that Deputy Sheriff Edward W. Platt of Fairfield County began service in Fairfield County by serving the garnishee, Union Carbide Corporation in Danbury and that he then proceeded to make the attachment of the defendants' interest in the real property in Oxford by lodging an "attested certificate of attachment" with the Town Clerk.
Section 52-284 C.G.S. provides that when a defendant is not a resident or inhabitant of Connecticut and his or her real estate in this state is being attached, "a copy of the process and complaint, with a return describing the estate attached, should be left. . .in the office of the town clerk of the town where the land lies." The summons and complaint both identify the defendants as residents of the Republic of Singapore, yet the deputy sheriff failed to comply with the filing requirement set forth above and instead filed only the certificate appropriate as to an attachment of property of a Connecticut resident pursuant to section 52-285 C.G.S., not the more extensive filing required as to non-residents.
The attachment of the property known as 38 Pisgah Mountain Road in Oxford is ineffective because of the lack of compliance with section 52-284 C.G.S.
Probable Cause
In addition to its claims as to defects in service of process, the defendants claim that there is no probable cause for attachment and/or garnishment. Since the plaintiff may re-serve the process found to have been defectively served, it is appropriate to reach this issue. A plaintiff seeking an attachment does not have to establish that she will prevail, but only that there is probable cause to sustain the validity of her claim. Dow Condon, Inc. v. Anderson, 203 Conn. 475,479 (1987); Ledgebrook Condominium Association, Inc. v. Lusk Corporation, 172 Conn. 577, 584 (1977).
The plaintiff adduced evidence that would support a finding that Attorney Tableman, knowing that she was about to leave the country in early January, misled the plaintiff as to the prospects for settling the Perez case at a time when she knew that the case was indeed going to settle and that she continued to do so after December 18, 1990, when she had CT Page 3072 in fact agreed to settle the case. (Ex. A.) The evidence presented would support a conclusion that Attorney Tableman, having signed an agreement that obligated her to divide the fee from the Perez case with the plaintiff (Ex. C) appropriated the whole amount and placed it in a certificate of deposit account in joint ownership with her husband. The facts presented establish probable cause as to Steven Tableman. The check for the fees paid in the Perez case was initially deposited to his account in Connecticut, and the funds were then deposited to an account of which he is a joint owner. The evidence indicated that Steven Tableman was aware that half the fee was, pursuant to the agreement between his wife and the plaintiff, the property of the plaintiff. The plaintiff has established probable cause as to Counts One and Two (Larceny) and Count Three (Conversion) as to both the defendants and as to Count Six (Breach of Contract) as to Attorney Tableman, as to torts enacted in Connecticut and as to which the court has jurisdiction pursuant to section 52-59b (a)(2) C.G.S.
Section 52-364 C.G.S. authorizes treble damages for theft and/or knowing reception and concealment of stolen property.
Pursuant to the agreement, Exhibit C, the plaintiff was entitled to half the $125,000 fee, offset by the balance owed by her to the defendant as to a loan, that is, $4,000.00. The court finds that probable cause has been established in the amount of $175,500.00 and that the plaintiff may attach the defendants' interest in the real property known as 38 Pisgah Mountain Road and any property of the defendants held by garnishee People's Bank.
Pursuant to section 52-278b C.G.S., no prejudgment remedy is available for the garnishment of earnings as the term is defined in section 52-350a (5) C.G.S.: "any debt accruing by reason of personal services, including any compensation payable by an employer to an employee for such personal services, whether documented as wages, salary, commission, bonus or otherwise." To the extent that the previously authorized garnishment as to Union Carbide Corporation applied to earnings, it is invalid and is hereby vacated.
Summary
The complaint is dismissed for insufficiency of service.
The motion to vacate the prejudgment garnishment is granted as to the garnishment of any funds held by Union CT Page 3073 Carbide Corporation which constitute earnings. The attachment of 38 Pisgah Mountain Road is dissolved for insufficiency of present process. The court finds probable cause for an attachment of the assets of both defendants to the extent of $175,500.00 and authorizes attachment of their interest in 38 Pisgah Mountain Road and garnishment of funds, other than earnings, held by the garnishees to the total extent of $175,500.00.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT