THE SINGER MANUFACTURING COMPANY *vs.* WILLIAM
RHODES AND WIFE.

New London County, May T., 1886. PARK, C. J., CARPENTER, PAR-
DEE, LOOMIS and GRANGER, Js.

The Statute (Gen. Statutes, p. 484, sec. 2,) requires a bond to be given by
the plaintiff in all replevin suits, to prosecute the suit to effect and
pay any judgment that the defendant may recover in the suit. Another
statute (Gen. Statutes, p. 397, sec. 3,) requires bonds for costs in all
suits brought by non-resident plaintiffs. Held that the special bond
required in replevin suits necessarily covered the costs that might be
recovered by the defendant as a part of the judgment that might
be rendered in his favor, and that it was not necessary for a non-
resident plaintiff in such a suit to give the ordinary bond for costs.

[Argued May 25th—decided June 18th, 1886.]

REPLEVIN of goods wrongfully detained; brought, by
appeal from the judgment of a justice of the peace, to the
Court of Common Pleas for New London County and tried,
upon a plea in abatement, before *Mather, J.* Facts found
and judgment rendered for the defendants. Appeal by the
plaintiff. The case is fully stated in the opinion.

*A. A. Browning* and *S. A. Crandall*, for the appellant.

*C. W. Comstock*, for the appellee.

CARPENTER, J. Action of replevin; plea in abatement,
alleging that the plaintiff, a non-resident corporation, did
not give bonds for costs; replication denying the plea and
setting out the bond given when the writ issued. The case
came by appeal to the Court of Common Pleas. That court
rendered judgment for the defendants, abating the suit. The
plaintiff appealed to this court.

The condition of the bond is " that said Singer Manufac-
turing Company, who has prayed out the foregoing writ of
replevin against said William Rhodes and Mrs. A. C. Rhodes,

shall prosecute its suit to effect, and shall pay to said William Rhodes and Mrs. A. C. Rhodes any judgment that said defendants may recover in said suit, and return to said defendants the goods and chattels that may be replevied under said writ, and pay to them all damages that they may sustain by the replevying thereof, if said Singer Manufacturing Company fails to establish its right to the possession of the same."

This bond is such as is required by the statute relating to actions of replevin. Gen. Statutes, p. 484, sec. 2. Another statute requires bonds for costs in all actions brought by non-resident plaintiffs. Gen. Statutes, p. 397, sec. 3. No bond was given in this case except the replevin bond; and the only question in the case is—whether that bond secures costs to the defendants in case the plaintiff should fail to maintain its suit.

Any costs to which the defendants may be entitled, and which the statute was intended to secure to them, must necessarily be included in some judgment rendered in their favor against the plaintiff. One condition of the bond is that the plaintiff shall pay "any judgment that said defendants may recover in said suit." If the judgment is paid costs are paid, and the defendants have all they are entitled to. If the costs are not paid the bond is forfeited, and they may be recovered in a suit on the bond. It is idle to contend that the bond does not secure costs.

The court below followed *Fleet* v. *Lockwood*, 17 Conn., 233. The error arose in not noticing the distinction between that case and this, and the statutes then and now existing. In that case goods attached were replevied; in this there is no attachment, but the action is for goods detained under a recent statute.

In *Fleet* v. *Lockwood* the condition of the bond was, "that said Daniel Fleet shall prosecute the writ of replevin now taken out against said Davis Lockwood, at the County Court to be holden, &c; and in case he fail to make his plea good, to return and re-deliver the goods hereby directed to be replevied, to said Davis Lockwood, who attached the same,

so that the same may be forthcoming to be taken on the execution that may be recovered in said suit; and on failure thereof to pay the debt, damages and costs that may be recovered therein."

It was no part of the condition there, as it is here, that the judgment which the defendant may recover in the replevin suit shall be paid. The obligors in that case could have discharged their obligations by returning the property, or by paying the judgment which might be recovered in the suit on which the property was attached. That judgment of course could not include the defendant's costs in the replevin suit; consequently the bond was no security for such costs. That bond conformed to the statute then in force, and a separate recognizance was required to secure costs. The statute now in force contemplates but one bond, and the form prescribed shows that it was designed to secure to the defendant not only the property, if it belongs to him, but also the costs.

The judgment complained of is reversed, and a new trial ordered.

In this opinion the other judges concurred.