MICHELLE B. VITALE ET AL. *v.* ZONING BOARD
OF APPEALS OF THE TOWN OF MONTVILLE
(SC 17372)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

---

Argued April 13, 2005—officially released August 29, 2006

*Eugene C. Cushman*, for the appellants (plaintiffs).

*John J. Keleher*, with whom was *Michael P. Carey*, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. The dispositive issue in this appeal is whether, on July 15, 2003, the service of legal process for an appeal from a decision of a municipal zoning board was governed by General Statutes (Rev. to 2003) § 8-8 (f)[1] or General Statutes (Rev. to 2003) § 52-57 (b) (5), as amended by No. 03-278, § 126, of the 2003 Public Acts (P.A. 03-278).[2] The plaintiffs, Michelle B. Vitale and Ronald Bolles, appeal[3] from the judgment of the trial court dismissing their administrative appeal from the decision of the defendant, the zoning board of appeals of the town of Montville, for lack of subject

[1] General Statutes (Rev. to 2003) § 8-8 (f) provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." Unless otherwise specified, all references to § 8-8 (f) in this opinion are to the 2003 revision of the statutes.

[2] General Statutes (Rev. to 2003) § 52-57 (b), as amended by P.A. 03-278, § 126, provides in relevant part: "Process in civil actions against the following-described classes of defendants shall be served as follows . . . (5) against a board, commission, department or agency of a town, city or borough, notwithstanding any provision of the general statutes, upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the board, commission, department or agency . . . ." Unless otherwise specified, all references to § 52-57 (b) in this opinion are to the 2003 revision of the statutes as amended by P.A. 03-278, § 126.

[3] The plaintiffs filed a petition for certification for review in accordance with General Statutes § 8-8 (o), which was granted by the Appellate Court. We subsequently transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

matter jurisdiction, because service of process in the appeal did not conform to the requirements of § 8-8 (f). The plaintiffs claim that the trial court improperly concluded that the service of process was defective because the marshal did not serve the chairman or clerk of the defendant, in addition to the clerk of the municipality, as required by § 8-8 (f). The plaintiffs further contend that the service of process, which was made on July 15, 2003, was governed by § 52-57 (b) (5), as amended by P.A. 03-278, effective July 9, 2003, and that the marshal therefore properly served the town clerk with two copies of the appeal in lieu of service on the chairman or clerk of the defendant. We disagree, and, accordingly, we affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. In July, 2003, the plaintiffs appealed to the Superior Court from the decision of the defendant upholding the zoning enforcement officer's denial of their application for a permit to build a single-family residence on their property. The summons prepared by the plaintiffs' attorney directed the marshal to serve legal process upon the chairman or clerk of the defendant in addition to the Montville town clerk. The marshal's return of service, however, indicated that he had served the appeal on July 15, 2003, by leaving two copies of the appeal papers with the town clerk.

The defendant thereafter filed an answer to the complaint and a special defense challenging the trial court's subject matter jurisdiction because the plaintiffs had failed to serve the defendant's chairman or clerk.[4] None of the parties briefed or pursued that challenge to the

---

[4] The defendant also filed a special defense claiming that the court lacked subject matter jurisdiction because the appeal to the defendant from the zoning enforcement officer's decision was not timely. The trial court rejected that special defense, and the defendant has not challenged that ruling by filing a cross appeal.

court's subject matter jurisdiction. After a hearing on the appeal, the trial court dismissed the appeal, sua sponte, for lack of subject matter jurisdiction because the plaintiffs had not served the defendant's chairman or clerk and thus the service of process had not conformed to the requirements of § 8-8 (f). The plaintiffs then filed a motion to reargue on the ground that the trial court had failed to consider P.A. 03-278, which amended § 52-57 (b) (5) and provided for service of process on municipal boards by leaving two copies with the municipal clerk. The trial court denied the motion to reargue, concluding that § 52-57 (b) (5), as amended by P.A. 03-278, did not replace § 8-8 (f) as the applicable statute governing service of process in zoning appeals and, thus, service of process of zoning appeals was required to conform to the requirements of § 8-8 (f). This appeal followed.[5]

In this appeal, the plaintiffs claim that the trial court improperly concluded that § 8-8 (f) set forth the exclusive procedure by which to effect service of process in zoning appeals as of July 15, 2003. At the very least, the plaintiffs argue, the amendment of § 52-57 (b) by P.A. 03-278 indicates that the plaintiffs also properly could serve process upon the defendant according to the procedures set forth in that act. The plaintiffs base this argument upon the language of § 126 of P.A. 03-278, which provides that service of process in civil actions against municipal boards shall be made by serving two copies of the process on the municipal clerk, "notwithstanding any provision of the general statutes . . . ." See footnote 2 of this opinion. Recognizing that the provisions of § 52-57 (b) (5) conflicted with the preexisting requirements for service of process in zoning appeals as set forth in § 8-8 (f), the plaintiffs argue that the two statutes can be harmonized if the method of service dictated by § 52-57 (b) (5) is interpreted as an

---

[5] See footnote 3 of this opinion.

alternative to the method prescribed by § 8-8 (f). The trial court's conclusion that § 8-8 (f) remained the exclusive means of service of process in zoning appeals, the plaintiffs argue, rendered meaningless the statement in § 52-57 (b) that its terms apply, "notwithstanding any provision of the general statutes . . . ."

The defendant acknowledges the conflict between the two statutes, but argues that the trial court properly determined that § 8-8 (f) continued to govern service of process in zoning appeals for two reasons. First, the defendant contends that zoning appeals, as a type of administrative appeal, exist only under statutory authority and, as such, have a long history of separate treatment from other civil actions, as reflected by the specific procedures set forth in § 8-8. Moreover, § 8-8 (f) provides a well established method of serving process that is specific to zoning appeals. A statute such as § 8-8 (f), the defendant argues, which reflects a longstanding and well-defined statutory approach to a specific procedural issue, should not be interpreted to have been rendered meaningless by subsequent legislation of more general applicability without a clear expression of such legislative intent. Second, the defendant argues that the amendment of § 8-8 (f) by No. 04-78, § 1, of the 2004 Public Acts (P.A. 04-78),[6] which provides that

---

[6] Public Act 04-78, § 1, provides: "(f) Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made as follows:

"(1) For any appeal taken before [October 1, 2004], process shall be served by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.

"(2) For any appeal taken on or after [October 1, 2004], process shall be served in accordance with subdivision (5) of subsection (b) of section 52-57, as amended by this act. Such service shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the clerk

service of process in zoning appeals taken before October 1, 2004, is governed by § 8-8 (f), made clear that § 52-57 (b) (5) did not apply to zoning appeals taken prior to October 1, 2004. We agree with the defendant.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005). We recently affirmed the long-standing principle that failure to comply with the statutory requirements for service of legal process on a zoning board in a zoning appeal will deprive the court of subject matter jurisdiction. See *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 770 n.17, 900 A.2d 1 (2006) ("it is evident, albeit by implication, that the failure to make timely service on the board does deprive the court of subject matter jurisdiction over the appeal").

To resolve the appeal in the present case, we must determine whether, on July 15, 2003, § 52-57 (b) (5) or § 8-8 (f) governed the service of process of zoning appeals. We conclude that the 2004 amendment to § 8-8 (f), P.A. 04-78, is determinative of this issue. Public Act 04-78, § 1, provides in relevant part: "Subsection (f) of section 8-8 of the general statutes is repealed and the following is substituted in lieu thereof (Effective October 1, 2004):

---

of the municipality or the chairman or clerk of the board a necessary party to the appeal."

"(f) Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made as follows:

"(1) *For any appeal taken before the effective date of this section,* process shall be served by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."[7] (Emphasis added.) By its express terms, P.A. 04-78 applies the service requirements of § 8-8 (f) to zoning appeals taken prior to October 1, 2004, and the service requirements of § 52-57 (b) (5) to zoning appeals taken after October 1, 2004.

The appeal in the present case was served on July 15, 2003, prior to October 1, 2004, the effective date of P.A. 04-78. Accordingly, P.A. 04-78 dictates that service of process in the present case should have been made "by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and . . . the clerk of the municipality." P.A. 04-78, § 1. The plaintiffs' marshal, however, followed the service requirements of § 52-57 (b) (5) and left two copies of the appeal papers with the town clerk. He did not leave any copy of the appeal papers with or at the usual place of abode of the chairman or clerk of the defendant. The plaintiffs therefore, did not comply with the service requirements of § 8-8 (f), as made applicable by P.A. 04-78.

As we recently recognized in *Fedus* v. *Planning & Zoning Commission,* supra, 278 Conn. 776 n.21, "a failure to adhere to the service requirements of § 8-8 impli-

---

[7] See footnote 6 of this opinion.

cates the subject matter jurisdiction of the court
. . . ."[8] Indeed, "the failure to make timely service on
the board does deprive the court of subject matter juris-
diction over the appeal." Id., 770 n.17; see also *Primus*
v. *Conservation Commission,* judicial district of New
Britain at New Britain, Docket No. CV-04-0527189-S
(September 6, 2005) (dismissing appeal from decision
of Southington conservation commission taken on April
20, 2004, for lack of subject matter jurisdiction when
plaintiff served two copies of appeal papers on town
clerk but failed to serve chairman of conservation com-
mission pursuant to § 8-8 [f], as amended by P.A. 04-78);
*Primus* v. *Planning & Zoning Commission,* judicial
district of New Britain at New Britain, Docket No. CV-
04-4000744-S (September 6, 2005) (dismissing appeal
from decision of Southington planning and zoning com-
mission taken on February 19, 2004, for lack of subject
matter jurisdiction when plaintiff served two copies of
appeal papers on town clerk but failed to serve chair-
man of planning and zoning commission pursuant to
§ 8-8 [f], as amended by P.A. 04-78). Accordingly, we
conclude that the trial court properly dismissed the
plaintiffs' appeal for lack of subject matter jurisdiction
due to defective service of process on the defendant.

The plaintiffs nevertheless claim that the statement
in § 52-57 (b) (5) that its terms apply "notwithstanding
any provision of the general statutes" demonstrates that
§ 52-57 (b) (5) provided an alternative method of service
of process to the one set forth in § 8-8 (f). We are not
persuaded. In passing P.A. 04-78, the legislature clearly
and specifically provided that for any appeal taken
before October 1, 2004, process was to be served in

---

[8] As we explained in *Fedus* v. *Planning & Zoning Commission,* supra,
278 Conn. 766, the 1988 and 1989 amendments to § 8-8 made clear that the
clerk of the municipality and the chairperson or clerk of the board are not
necessary parties, but, rather, are *agents* for service of process on a neces-
sary party. Thus, the failure to serve process on those agents constitutes a
failure to serve the necessary party, a jurisdictional prerequisite for the
action. Id., 764 n.9.

accordance with § 8-8 (f) only. See P.A. 04-78, § 1 ("[f]or any appeal taken before the effective date of this section, process *shall be* served by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and . . . with the clerk of the municipality" [emphasis added]). If the legislature had intended to provide an alternative or second method of service of process for appeals taken before October 1, 2004, it could have expressly so provided in the language of P.A. 04-78. See *Hatt* v. *Burlington Coat Factory*, 263 Conn. 279, 310, 819 A.2d 260 (2003) ("[w]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed" [internal quotation marks omitted]). In enacting P.A. 04-78, however, the legislature established one, and only one, method for service of process for zoning appeals taken prior to October 1, 2004. Section 8-8 (f) (1) sets forth the exclusive method for service of process in zoning appeals taken before October 1, 2004, and, accordingly, the plaintiffs failed to make proper service of process for their zoning appeal.[9]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[9] We note that in its memorandum of decision dismissing the appeal, the trial court determined that § 8-8 (q), one of the savings provisions contained in § 8-8, was unavailable to the plaintiffs in the present case because they had not attempted to correct the service defect by serving the chairperson or clerk of the defendant within fifteen days of receiving notice of the defective service by way of the marshal's return. We disagree. Section 8-8 (q) provides in relevant part: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . ." The savings provision codified at § 8-8 (q) is a remedial provision that warrants a broad construction. Cf. *Metcalfe* v. *Sandford*, 271 Conn. 531, 538, 858 A.2d 757 (2004) ("[w]e have consistently held that our accidental failure of suit statute . . . [Gen-

eral Statutes] § 52-592, is remedial and is to be liberally interpreted"). Accordingly, § 8-8 (q) is available to a plaintiff upon *any* determination by a court that service was defective. Section 8-8 (q) therefore is available to the plaintiffs, should they choose to invoke it, upon the determination by this court that the service of process in this matter was insufficient because it failed to comply with P.A. 04-78.