## NATHAN PRIMUS, TRUSTEE OF THE PRIMUS FAMILY TRUST *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTHINGTON
### (AC 27234)

Schaller, McLachlan and Rogers, Js.

Argued February 22—officially released May 15, 2007

*Bridget C. Gallagher*, for the appellant (plaintiff).

*David F. Sherwood*, with whom was *E. Timothy Sullivan, Jr.*, special assistant town attorney, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Nathan Primus, trustee of the Primus family trust, appeals from the judgment of the trial court dismissing his appeal from the decision of the planning and zoning commission of the town of Southington (commission)[1] denying his applications for a special permit and site plan. On appeal, the plaintiff

[1] On December 30, 2004, two abutting property owners, Darryl T. Upson and Joseph Rosia, intervened as party defendants and subsequently moved to dismiss the plaintiff's appeal. We therefore refer in this opinion to Upson and Rosia as the defendants.

claims that the court improperly concluded that it lacked subject matter jurisdiction to hear his appeal. We disagree and affirm the judgment of the trial court.

The following factual and procedural background is necessary for our resolution of the plaintiff's appeal. On May 10, 2004, the plaintiff filed amended applications for a special permit use and site plan with respect to property located in Southington. The plaintiff sought to construct ninety-one multifamily dwelling units, 30 percent of which would be designated as affordable units to meet the criteria for a set aside development under General Statutes § 8-30g (a) (6). After a public hearing, the commission unanimously denied the plaintiff's application.

The plaintiff appealed from the commission's decision. The summons prepared by the plaintiff's attorney instructed the marshal to serve legal process upon the chairperson of the commission and the town clerk. The marshal's return of service, however, indicated that on August 2, 2004, he served process by leaving two copies of the citation, complaint and recognizance with surety with only the town clerk.

On January 15, 2005, the defendants moved to dismiss the appeal for lack of subject matter jurisdiction. The defendants argued that the service of process was defective because it failed to comply with General Statutes (Rev. to 2003) § 8-8 (f),[2] which requires service on *both* the chairman or clerk of the board and the clerk

[2] General Statutes (Rev. to 2003) § 8-8 (f) provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."

of the municipality. The plaintiff responded that he had complied with General Statutes (Rev. to 2003) § 52-57 (b) (5)[3] by serving two copies with the clerk of the town, and, therefore, the service of legal process was proper. On September 6, 2005, the court issued a memorandum of decision granting the defendants' motion to dismiss. Specifically, the court concluded that § 8-8 (f), as amended by Public Acts 2004, No. 04-78, § 1 (P.A. 04-78),[4] required service on the chairperson of the commission. Accordingly, the failure to serve the chairperson in accordance with § 8-8 (f) deprived the court of subject matter jurisdiction. This appeal followed.[5]

[3] General Statutes (Rev. to 2003) § 52-57, as amended by Public Acts 2003, No. 03-278, § 126, provides in relevant part that "[p]rocess in civil actions against the following-described classes of defendants shall be served as follows . . . (5) against a board, commission, department or agency of a town, city or borough, notwithstanding any provision of the general statutes, upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the board, commission, department or agency . . . ."

[4] Public Acts 2004, No. 04-78, § 1, provides: "(f) Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made as follows:

"(1) For any appeal taken before [October 1, 2004], process shall be served by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.

"(2) For any appeal taken on or after [October 1, 2004], process shall be served in accordance with subdivision (5) of subsection (b) of section 52-57, as amended by this act. Such service shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the clerk of the municipality or the chairman or clerk of the board a necessary party to the appeal."

[5] In his statement of issues on appeal, the plaintiff claimed that the court (1) failed to determine that service was proper under General Statutes § 52-57 as amended by Public Acts 2003, No. 03-278, (2) improperly applied the provisions of General Statutes § 8-8 (f) as amended by P.A. 04-78, (3) failed to interpret liberally the procedures set forth in § 8-8 as provided in § 8-8

After the parties had filed their appellate briefs, our Supreme Court issued its decision in *Vitale* v. *Zoning Board of Appeals*, 279 Conn. 672, 904 A.2d 182 (2006). In *Vitale*, the dispositive issue was "whether, on July 15, 2003, the service of legal process for an appeal from a decision of a municipal zoning board was governed by . . . § 8-8 (f) or . . . § 52-57 (b) (5) . . . ." Id., 674. At the outset of its analysis, the court noted that it had "recently affirmed the long-standing principle that failure to comply with the statutory requirements for service of legal process on a zoning board in a zoning appeal will deprive the court of subject matter jurisdiction." (Internal quotation marks omitted.) Id., 678. It then stated that P.A. 04-78 was determinative of the question of whether § 8-8 (f) or § 52-57 (b) (5) governed the service of process of zoning appeals on July 15, 2003. Id. *"By its express terms, P.A. 04-78 applies the service requirements of § 8-8 (f) to zoning appeals taken prior to October 1, 2004*, and the service requirements of § 52-57 (b) (5) to zoning appeals taken after October 1, 2004." (Emphasis added.) Id., 679. We conclude that *Vitale* controls the present appeal.[6]

The appeal in the present case was served on August 2, 2004. "Accordingly, P.A. 04-78 dictates that service of process . . . should have been made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and . . . the clerk of the municipality." (Internal quotation marks omitted.) Id. As in *Vitale*, the plaintiff's marshal complied only with the requirements of § 52-57 (b) (5) by leaving two copies of the appeal papers with the town clerk. The marshal did not leave

(p) and (4) improperly concluded that the service requirements set forth in § 8-8 were mandatory rather than directory.

[6] "It is axiomatic that we are bound by our Supreme Court precedent." (Internal quotation marks omitted.) *Boretti* v. *Panacea Co.*, 67 Conn. App. 223, 231, 786 A.2d 1164 (2001), cert. denied, 259 Conn. 918, 791 A.2d 565 (2002).

any copy of the appeal papers with the chairman or clerk of the commission, thereby failing to comply with § 8-8 (f).[7] The court properly concluded that this failure resulted in a lack of subject matter jurisdiction.

The judgment is affirmed.

---

[7] In *Vitale*, our Supreme Court stated: "We note that in its memorandum of decision dismissing the appeal, the trial court determined that [General Statutes] § 8-8 (q), one of the savings provisions contained in § 8-8, was unavailable to the plaintiffs in the present case because they had not attempted to correct the service defect by serving the chairperson or clerk of the defendant within fifteen days of receiving notice of the defective service by way of the marshal's return. We disagree. Section 8-8 (q) provides in relevant part: If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . . The savings provision codified at § 8-8 (q) is a remedial provision that warrants a broad construction. Cf. *Metcalfe* v. *Sandford*, 271 Conn. 531, 538, 858 A.2d 757 (2004) ([w]e have consistently held that our accidental failure of suit statute . . . [General Statutes] § 52-592, is remedial and is to be liberally interpreted). Accordingly, § 8-8 (q) is available to a plaintiff upon any determination by a court that service was defective. Section 8-8 (q) therefore is available to the plaintiffs, should they choose to invoke it, upon the determination by this court that the service of process in this matter was insufficient because it failed to comply with P.A. 04-78." (Internal quotation marks omitted.) *Vitale* v. *Zoning Board of Appeals*, supra, 279 Conn. 681 n.9.