## SINOWAY FAMILY PARTNERSHIP *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH HAVEN ET AL.

Superior Court, Judicial District of New Haven

File No. CV-077-4025962S

Memorandum filed November 23, 2007

*Bershtein, Volpe & McKeon, P.C.*, for the plaintiff.

*Ciulla & Donofrio, LLP*, for the named defendant.

*John R. Lambert*, for the defendant Stanley Nerkowski et al.

CORRADINO, J.

I

Motions to dismiss have been filed by the defendants in this case, the zoning board of appeals of the town of North Haven (board), Stanley Nerkowski and Diane Nerkowski. This case is an appeal from the decision of the board. The court will briefly refer to the allegations of the complaint. In March, 2004, and dates thereafter, it is alleged that the Nerkowskis constructed a garage on the northwest portion of their property, which abuts the property of the plaintiff, the Sinoway Family Partnership.

Three years after the construction of the garage, it is alleged, the Nerkowskis applied to the board for a variance, which was granted. The plaintiff, as an abutting owner, has now appealed from that decision.

The Nerkowskis have filed a motion to dismiss pursuant to Practice Book § 10-30 et seq. "on the ground of lack of jurisdiction over the subject matter, lack of jurisdiction over the person . . . insufficiency of process and insufficiency of service of process because (a) the citation and appeal were not made and served in accordance with law and (b) the citation (i) commanded an appearance in a manner not authorized by law and lacks any notice to the movants to file an appearance, (ii) fails to provide information required by the office of the chief court administrator and (iii) provides false information to this court."

The board has also filed a motion to dismiss, but counsel agree that it is confined to raising a lack of subject matter jurisdiction.

II

The counsel for the Nerkowskis has filed a typically thorough brief concerning the issues raised in their motion to dismiss. But for this court, at least, the cases

and statutes cited only underline the difficulty of interpreting and applying statutes and case law when jurisdictional claims and claims of insufficient process arise, especially as regards appeals brought under General Statutes § 8-8.

On the one hand, *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987), aff'd, 206 Conn. 374, 538 A.2d 202 (1988) (en banc), states: "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it was created. . . . We have repeatedly held that statutory appeal provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Id., 419.

But then came the legislative session of 1989, and § 8-8 was amended to include subsections (p) and (q), which read as follows: "(p) The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes.

"(q) If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. The provisions of section 52-592

shall not apply to appeals taken under this section."
Public Acts 1989, No. 89-356, § 1.

Do we have the admonishment of strict compliance
with a statute that now is to be interpreted liberally?
How is that done?

Furthermore, zoning appeals under § 8-8 of the Gen-
eral Statutes are administrative appeals and, thus, civil
actions under Practice Book § 14-6, and the rules of
practice apply to all civil actions, including § 8-8
appeals. See Practice Book § 1-1. Practice Book § 1-8
explicitly states: "The design of these rules [of practice]
being to facilitate business and advance justice, they
will be interpreted liberally in any case where it shall
be manifest that a strict adherence to them will work
surprise or injustice." It would seem to follow that the
ameliorative provisions of General Statutes §§ 52-72,
52-123, 52-128 and 52-130, if otherwise applicable,
would apply to any claim of insufficiency of process
or insufficiency of service of process.

It is interesting to note that *Village Creek Homeown-
ers Assn.* v. *Public Utilities Commission*, 148 Conn.
336, 339, 170 A.2d 732 (1961), stated that "[a] proper
citation is essential to the validity of the appeal and the
jurisdiction of the court." In that case, there was no
citation signed by a competent authority; merely, the
complaint was served on the defendant. There was no
"direction to the proper officers for service [or] a com-
mand to summon the defendant to appear in court."
Id., 340. In interesting language, the court concluded
its opinion by stating that "[t]he lack of both these
essentials in the instant case constitutes more than a
circumstantial defect"; id.; this without any reference
to statutory authority. See General Statutes §§ 52-72, 52-
123 and 52-130. The language suggests that even without
ameliorative statutory provisions moderating a strict
interpretation of the effect of a failure to comply with

the statutory requirements for service of process, common-law courts can rule that certain defects in the process do not warrant dismissal if they are circumstantial.

Finally, the court would note that the Nerkowskis' motion is brought on the basis of an alleged lack of jurisdiction over the subject matter and person and, as mentioned, the board's motion is confined to subject matter jurisdiction. This raises interesting problems of analysis, at least for the court.

In our state, a civil action, according to General Statutes § 52-45a, is commenced by a writ, which "describ[es] the parties, the court to which [the action] is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. . . ." In administrative appeals, the function of the writ is performed by something known as a citation—i.e., they are the same thing. As noted in *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, supra, 148 Conn. 339, citing ancient case law, "A proper citation is essential to the validity of the appeal and the jurisdiction of the court." The language, "jurisdiction of the court," has the sound of subject matter jurisdiction, but *Pedro* v. *Miller*, 281 Conn. 112, 914 A.2d 524 (2007), states: "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) Id., 117. The court went on to say that "[a] defect in process . . . such as an improperly executed writ implicates personal jurisdiction, rather than subject matter jurisdiction." (Internal quotation marks omitted.) Id.

Perhaps a way of avoiding any theoretical problems that may be raised is to say that administrative appeals present a special category—process and service

requirements must be strictly complied with or there will be a dismissal. But before absence of jurisdiction is found where the process is defective, the court can find that any defect is circumstantial. See *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra, 148 Conn. 340. In that situation, any amendment to correct the "defect" is not saving jurisdiction, which otherwise cannot be found, but is merely correcting the process to reflect statutory requirements—after all, that is what § 52-72 permits.

In any event, in this case, subject matter and personal jurisdiction issues are raised, which the court can try to resolve as if they presented the same problem for the plaintiff without getting mired in abstract jurisdictional questions.

### III

Applying these very general principles, the court will try to examine the specific issues raised in this case, which requires a definition of some basic terms. In *Tolly* v. *Dept. of Human Resources,* 225 Conn. 13, 621 A.2d 719 (1993), the court quoted from an earlier case to the effect that "[i]n administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command." (Citation omitted; internal quotation marks omitted.) Id., 18. The defendants suggest several ways in which the citation in this case is deficient.

### A

The defendants first argue that the "strict compliance" with the statutory provisions of § 8-8 of the General Statutes has not been met because of the citation's

failure to meet the requirements for service of process set forth in subsection (f) (2). That subdivision provides in relevant part that for appeals after October, 2004, process "shall be served in accordance with subdivision (5) of subsection (b) of § 52-57. . . ." General Statutes § 8-8 (f) (2). Subdivision (5) of § 52-57 (b) provides that in civil actions, service shall be made as follows: "(5) against a board, commission, department or agency of a town, city or borough, notwithstanding any provision of law, upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the board, commission, department, or agency . . . ."

Interestingly, the last sentence of subsection (f) (2) of § 8-8 provides that the service referred to, which must be in compliance with § 52-57 (b) (5), "shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the clerk of the municipality or the chairman or clerk of the board a necessary party to the appeal." General Statutes § 8-8 (f) (2).

In this case, there is a claim by the Nerkowskis and the board of lack of jurisdiction over the subject matter because the citation commanded the marshal to serve a copy of the complaint and the citation on the clerk, not the two copies required by § 52-57 (b) (5). The marshal, however, did leave two copies with the clerk. The officer's return stated that he left with the clerk "two true and attested copies of the original citation, complaint with my endorsement thereon."

The question becomes, in light of the foregoing, should the court be deprived of subject matter jurisdiction for the defect in the citation that has been referred to—direction to serve only one copy of the process

on the town clerk? In *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 769–70, 900 A.2d 1 (2006), the court cited and quoted from several earlier opinions, which should guide this court. *Fedus* stated that "over-technical formal requirements have ever been a problem of the common law, leading [the legislature] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection . . . . For example, General Statutes § 52-72 requires the trial court to allow a proper amendment to defective process. . . . Connecticut law repeatedly has expressed a policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court." (Citation omitted; internal quotation marks omitted.) Id., 769.

These observations lead to the inescapable conclusion, as *Fedus* noted, that "in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Id., 778–79.

In *Fedus* itself, the then operative subsection (f) of § 8-8 required that process be served on the chairman or clerk of the board and the town clerk. The jurisdictional attack was based on the fact that the citation did not direct the marshal to serve a copy of the appeal on the town clerk. However, "the state marshal did, in fact, serve a true and attested copy on the town clerk." Id., 754. The court reversed the trial court's dismissal of the appeal based on a lack of subject matter jurisdiction.

Here, the citation did direct one copy only to be served on the clerk, but in fact the marshal left two copies with the clerk. General Statutes § 52-57 (b) (5) makes clear that the only purpose of the two copy requirement is so the clerk can forward one copy to

the zoning board; the clerk is not even a necessary party. How is this different from *Fedus*?

This is not a case in which there is a complete failure to serve a necessary party or any person, town official or entity required to be served. Cf. *Gadbois* v. *Planning Commission*, 257 Conn. 604, 607, 778 A.2d 896 (2001); *Simko* v. *Zoning Board of Appeals*, supra, 205 Conn. 418–19; *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, supra, 148 Conn. 338; see also *New England Holdings II* v. *Planning & Zoning Commission*, Superior Court, judicial district of Fairfield, Docket No. 4004042 (August 23, 2005) (39 Conn. L. Rptr. 838) (*Radcliffe, J.*); *Mucci Construction, LLC* v. *Conservation Commission/Inland Wetlands Agency*, Superior Court, judicial district of Ansonia-Milford, Docket No. 4002344 (May 5, 2005) (39 Conn. L. Rptr. 296) (*Shluger, J.*).

*Vitale* v. *Zoning Board of Appeals*, 279 Conn. 672, 904 A.2d 182 (2006), does not help the defendants' position. There, the citation appropriately directed the marshal to leave process with the chairman of the board and the town clerk, which was the statutory directive of § 52-57 (b) prior to its amendment in July, 2003, requiring two copies to be left with the town clerk. Despite the command in the citation, the marshal left two copies of the process with the town clerk and did not serve the chairman of the defendant board, which is the new mandate of § 52-57 (b) (5). The court upheld the trial court's dismissal for lack of subject matter jurisdiction, holding that appeals prior to October, 2004, required service on the town clerk and the board chairman. In *Vitale*, there was no service on a town official required to be served. Here, there was with the only defect being that only one copy of the process was served on such individual, here, the town clerk, when two were required. But in fact the marshal did serve two copies on the town clerk despite the defect in the citation.

Failure to serve a designated official under § 8-8 (f) (2) read together with § 52-57 (b) (5) is prejudice per se, but any defect short of that is only formal and circumstantial and should not lead to dismissal unless there is prejudice. *Kindl* v. *Dept. of Social Services*, 69 Conn. App. 563, 575, 795 A.2d 622 (2002). Here, none has been shown. The court will not dismiss the appeal for want of subject matter jurisdiction based on this first defect in the citation. Any other result would make it difficult to construe *Fedus* and *Vitale* as being decided in the same jurisdiction.

B

Another defect in the process said to defeat jurisdiction rests on failure to comply with § 52-45a of the General Statutes. That statute provides: "Sec. 52-45a. . . . Commencement of civil actions. Contents and signature of process. Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." General Statutes § 52-45a.

The street address of the parties is required by the preprinted forms of the chief court administrator. Here, the citation and the complaint itself list the address of the plaintiff as 138 Kings Highway, North Haven, Connecticut. That is a lot owned by the partnership, and construction on the abutting property is the subject of this dispute. The defendants point out, however, that 138 Kings Highway is but one of several vacant lots owned by the plaintiff, and a simple review of the town

assessor's online records for any of the partnership's property would find that 4 Linden Shores, Branford, is the plaintiff's street address.

The defendants' brief claims that "phony information" is conveyed in the citation and that "to maintain the public's respect, the court should not tolerate the issuance of (or collection of) false information in its name."

An ancient case is cited, *Beach* v. *Baldwin*, 9 Conn. 476 (1833), to the effect that mesne process at common law must state where parties reside.

First, the court should say that it does not agree with the harsh assessment of what went on here. It appears that this is simply a mistake on counsel's part to list the correct address, instead putting in the address of the property that is involved in the appeal. What possible improper ulterior motive could be behind this obvious mistake—certainly it could not have been intended to mislead anyone, nor did it. Indeed, on June 5, 2007, the return date, the defendants hand-delivered a letter "to the judges who hear appeals from local zoning boards of appeal or to the court clerk," which pointed out that they knew the address of the plaintiff was 4 Linden Shores, Branford, as indicated in the records of the assessor's office—the letter is identified as number 103 in the court file.

The only case the court could find having any relevance is a decision by the Appellate Division of the Superior Court in *Burger* v. *Frohlich*, 4 Conn. Cir. Ct. 468, 472 (1967), which held that failure to set out the defendant's address in the writ was a mere circumstantial failing that did not pertain to the court's jurisdiction. Section 52-123 was relied on by the court, which goes back more than 100 years. It provides: "Sec. 52-123. . . . No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended,

set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and cause may be rightly understood and intended by the court." General Statutes § 52-123.

Reading the citation along with the complaint, the defect does not prevent the case from being understood by the court and, apart from whether § 52-123 or § 52-72 and their ameliorative provisions apply, it is difficult to see what injustice the defendants suffered. Under the reasoning of *Village Creek Homeowners Assn.*, the defect was only circumstantial on a simple common-law analysis. Thus, in the previously referenced letter of June 5, 2007, the defendants make evident that they knew the partnership's address, as noted, but also, they were historically familiar with the Sinoway partnership. A footnote states that "in February, a general partner of this same partnership sued us." These matters must be put in perspective. Many of the requirements for inclusion of certain information in the citation and even a complaint were in reality punitive forms of discovery—why else fact pleading before liberal discovery rules were enacted? The defendants knew exactly who their adversary was and knew or could have easily learned its business address. By way of analogy, would a violation of discovery rules warrant a nonsuit in a situation where a plaintiff failed to produce information already in the defendants' possession or easily available to them? Raising the specter of subject matter jurisdiction should not warrant a finding of its absence based on this particular aspect of the defendants' motion to dismiss.[1] The defect is circumstantial whether or not ameliorative statutes even apply; application of the

---

[1] Cf. *Motiejaitis* v. *Johnson*, 117 Conn. 631, 636, 169 A. 606 (1933), and the characterization of that case in *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 397, 655 A.2d 759 (1995). Also, this is not a case in which the defendants, for example, were not informed of and could claim confusion about the entity bringing suit against them. See *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 866 A.2d 698 (2005).

common law can reach this conclusion, and §§ 52-72 and 52-123 were enacted, after all, to moderate overrigid application of subject matter jurisdiction analysis by the courts. The court will not dismiss the appeal for lack of subject matter jurisdiction but will order the plaintiff to amend its complaint by including in paragraph one thereof the proper business address of the plaintiff partnership.

C

Another failing that the defendants argue warrants dismissal for lack of subject matter jurisdiction is that the citation orders the Nerkowskis to appear June 5, 2007 (of which more later) "then and there to answer unto the foregoing complaint of the Sinoway Family Partnership." The problem, say the defendants, is that "the only thing that might be considered a 'complaint' follows the citation and cannot be considered 'foregoing' . . . ." Stephenson's Connecticut Civil Procedure is quoted to the effect that "under Connecticut practice, the citation [in an appeal from a zoning board of appeals] follows the complaint." 1 E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 13a, p. 23.

In their June 5, 2007 letter, the Nerkowskis state in this regard: "There isn't any foregoing complaint to answer. There is one that follows the 'citation' but no complaint that precedes the citation or is foregoing in any way at all." Then in capital letters for emphasis, "WE CAN'T ANSWER A 'FOREGOING COMPLAINT' THAT ISN'T THERE!"

Certainly, linguistically, the defendants' argument has merit; the plaintiff's counsel should have had the complaint precede the citation. However, if this error is not "circumstantial" under § 52-123 or a common-law analysis, then the word "circumstantial" has no meaning and can offer no guidance to the courts. Later in the first paragraph of the citation, the proper sequence

appears. The marshal is ordered to make service on the named parties by leaving "a true and attested copy of the complaint and of this citation at least twelve days before the Return Date." No person served with these papers could doubt that "the" complaint to which there had to be an "answer" was the one included in the materials served on them by the marshal. The June 5, 2007 letter indicates that the Nerkowskis understood they had to appear to answer what had been served on them. They had an objection to being ordered to appear on June 5, 2007. But the letter went on to state that "[w]e do not believe it is fair to have to 'appear' and 'answer' today." What could they have thought they would have to answer to but the allegations of the complaint, which, if read, showed the allegations affecting their interests and was admittedly part of the packet of papers served on them?

## D

The next defect in the citation that is said to bar jurisdiction refers to the language in the citation served on the defendants, which states that they were "*to appear* before the Superior Court within and for the Judicial District of New Haven, *at New Haven* 235 Church Street, New Haven, Connecticut, *on June 5, 2007, then and there to answer* unto the foregoing complaint . . . ." (Emphasis added.) The italicized language is complained of and is in fact defective. General Statutes § 52-45b, which refers to forms for commencement of civil actions, states that legal process to be served on defendants should state that the appearance need not be in person and may be made by the defendant or his or her attorney "by filing a written statement of appearance with the clerk of the court . . . on or before the second day following the return date . . . ." General Statutes § 52-45b (1).

In the oft-quoted letter by the Nerkowskis to the Superior Court judges they say: "We do not believe it

is fair to have to 'appear' and 'answer' today. We wish to be represented by Attorney John Lambert of North Haven but he cannot be with us today." The "confusing" citation is said not to be "fair, proper, or right." The letter is dated June 5, 2007, the return date. Attorney Lambert in fact entered an appearance on June 7, 2007, within the two day time period referred to in the statute. Interestingly, a footnote in the Nerkowskis' letter states that these parties were sued by a partner of the present plaintiff partnership in February, 2007, and in that case they were not ordered to "show up at the court on the Return Date." They were told (correctly) that all they had to do was have their attorney file an appearance within two days after the return date. The question remains, is this defect purely circumstantial or is dismissal warranted? The defect here may have caused the defendants some confusion but not enough to forestall them from contacting an attorney and having him file an appearance within the requisite two days of the return date. Cases warranting dismissal have included situations in which prejudgment remedy documents lacked any return date; see *Raynor* v. *Hickock Realty Corp.*, 61 Conn. App. 234, 242, 763 A.2d 54 (2000); or, where a defendant was not informed that it had to file an appearance; see *Shapiro* v. *Carothers*, 23 Conn. App. 188, 191, 579 A.2d 583 (1990). The court could find no case directly on point, but *New Haven Loan Co.* v. *Affinito*, 122 Conn. 151, 188 A. 75 (1936), is interesting. The quotation will be of the headnote, which concisely sets forth the factual situation and conclusion of the court: "On January 29th, 1936, the defendants filed a notice of appeal from a judgment of the City Court of New Haven against them 'to the next term of the Court of Common Pleas to be held at New Haven.' The next term of this court was to begin the fourth Tuesday of September, 1936. The statute provides that all appeals from judgments of justices of the peace and from other

inferior tribunals shall be taken to the next or next but one return day, which in this case would be the first Tuesday of February or March. A plea in abatement to the appeal was filed and a demurrer to it was overruled. Thereafter defendants filed a motion for permission to file an amendment to this notice of appeal, substituting the words 'next return day' for 'next term' in the original notice, but the court denied the motion, *Held* that the demurrer to the plea in abatement was properly overruled but the court should thereafter have allowed the defendants to amend the circumstantial defect in their notice of appeal." (Emphasis in original.) Id.

The situation here is similar, with the same possibility of confusion, but the defect is circumstantial. However, the ritual of amendment need not be resorted to; an appearance in the appropriate time frame was entered.

### E

The validity of the citation is further challenged because of the possibility of perceived irregularities in the recognizance. The latter is part of the "writ, summons, and complaint" in mesne process. *Sheehan* v. *Zoning Commission*, 173 Conn. 408, 412, 378 A.2d 519 (1977). Before directly examining the recognizance here, the question must be answered as to whether an inadequate recognizance or the absence of a recognizance is a jurisdictional defect. The answer is apparently no. *Sheehan*, at pages 411–12, states: "Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal . . . a statutory provision requiring such a bond is solely for the benefit of the defendant . . . . The plaintiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action. . . . Since the omission was not fatal to the appeal, it could have been waived by the defendant . . . and could have been

cured by the plaintiffs by filing a timely amendment."
(Citations omitted.) Id., 411–12; see also *Franchi* v.
*Farmholme, Inc.*, 191 Conn. 201, 207–208, 464 A.2d
35 (1983).

A defendant cannot "waive" an absence of subject
matter jurisdiction as properly understood; a court,
even at the appellate level, can note its absence and
must dismiss the matter. It would seem that the absence
of a recognizance or a defective one is a circumstantial
defect in the citation as mentioned in § 52-123, and § 52-
128 provides in relevant part: "The plaintiff may amend
any defect, mistake or informality in the writ, complaint,
declaration or petition . . . within the first thirty days
after the return day and at any time afterwards on the
payment of costs at the discretion of the court . . . ."
General Statutes § 52-128; see also E. Stephenson, Con-
necticut Civil Procedure (1st Ed.) § 59q, p. 120. Again,
this does not have the ring of a matter involving subject
matter jurisdiction. As noted in *Sheehan* v. *Zoning Com-
mission*, supra, 173 Conn. 412–13, *Village Creek Home-
owners Assn.* and its admonition to trial courts to go
directly to subject matter jurisdiction once a motion to
dismiss raising its absence is filed does not come into
play because a § 52-128 amendment is "as of right
. . . ." *Sheehan* v. *Zoning Commission*, supra, 413; see
also General Statutes § 52-185 (d) (bond or recogni-
zance for prosecution), which discusses the failure to
comply with the requirements of posting a bond.
Regarding this, the statute provides in relevant part that
"the validity of the writ and service shall not be affected
unless the failure is made a ground of a plea in abate-
ment. If such plea in abatement is filed and sustained
or if the plaintiff voluntarily elects to cure the defect
by filing a bond, the court shall direct the plaintiff to
file a bond to prosecute in the usual amount. . . ."
General Statutes § 52-185 (d). Again, this is hardly the
language of subject matter jurisdiction.

The court will now try to examine the recognizance in this case and determine whether, as the defendants contend, its accuracy is even suspect. The recognizance reads as follows: "The plaintiffs as principal and Sherra Piscitelli of 105 Court Street, New Haven, Connecticut as surety are recognized in the sum of $500 to prosecute this appeal to effect and comply with the orders and decrees of this court."

The plaintiff's counsel then signs the citation as a commissioner of the Superior Court.

A good guideline in answering some of the questions raised by the defendants is the comment by judge, later Justice King, in *Vollmeke* v. *Nielson*, 13 Conn. Sup. 9, 11 (1944), in which he states: "A defendant has a right to rely on a certification of the plaintiff's financial responsibility or the use of a third person in a recognizance (whether as principal or as surety for the plaintiff), as a representation upon the part of the attorney issuing the process, that he has made a careful investigation as to the financial responsibility of the plaintiff or third person, as the case may be, and that the attorney has good cause for affirmatively believing, as a result of such investigation, that the financial responsibility of the plaintiff, or of such third person, as the case may be, is sufficient to pay the costs in the action. In other words, although the authority issuing the process is not a guarantor of the costs, he is responsible for the exercise of a high degree of care to see that the provisions of the law are complied with."

The defendants have several concerns. They point out that the recognizance uses the word "plaintiffs" and only one plaintiff, the Sinoway Family Partnership, is involved. Of course, the latter is true, as can be garnered by reading the heading of the citation and the complaint itself, all of which are part of the process. This error or typo, in all probability, is of no moment. Cf. *D'Ausilio*

v. *Knoll*, 5 Conn. Cir. Ct. 235, 240 (1968). The defendants also point out that the citation gives the residence of the surety, Piscitelli, as 105 Court Street, New Haven, which, as noted by the defendants, is the business address of the plaintiffs' attorneys.

There is certainly nothing that prevents an employee of a law firm from being a recognizant. See the opinion by judge, now justice, Vertefeuille, in *Lopes* v. *Ortiz*, Superior Court, judicial district of New Haven, Docket No. 9011-26699 (January 4, 1991) (3 Conn. L. Rptr. 387). Professor Stephenson notes that "it is frequent for attorneys to make arrangements with an associate or brother attorney for each to be so 'recognized' on writs issued by the other." E. Stephenson, Connecticut Civil Procedure (1st Ed.) § 59q, pp. 119–21. The court has discussed the problem of the use of an address in a citation; here, the lady referred to is apparently an employee of the law firm and her business address is given. To the court, no jurisdictional problems are raised; query, whether even a defect is involved.

But the defendants go on to argue that there are enough defects in this citation so that a question should be raised in the court's mind as to other representations therein and, particularly, which partner or partners personally appeared before the lawyer who should have explained the partnership's obligations under the recognizance prior to assent being given to guarantee costs. In *Palmer* v. *Des Reis*, 136 Conn. 232, 233, 70 A.2d 141 (1949), the court accepted as proven that the attorney recognized "did not in fact appear before the clerk" who took the recognizance, apparently.

The court has discussed various circumstantial defects in the citation. In the court's opinion, they were not designed to mislead the defendants. The lawyer signing the citation is a commissioner of the Superior Court. He represents the partnership, and his actions

bind the partnership and a surety is identified. The court will not assume and need not investigate whether in fact a particular identifiable partner appeared before the lawyer, nor is it even convinced that this is necessary because the lawyer is the partnership's general agent for bringing suit, and his representations may bind the partnership in any event. The court is not aware of any cases directly on point, but certainly recognizances have been attached to writs where the principal or surety is referred to as a corporation for example and not an individual. Cf. *Lovejoy* v. *Isbell*, 70 Conn. 557, 559, 40 A. 531 (1898); see also *Singer Mfg. Co.* v. *Rhodes*, 54 Conn. 48, 48–49, 5 A. 610 (1886).

Because the recognizance was signed by a lawyer and a surety is listed, the court assumes the appropriate investigation was done and that the defendants can rely on the lawyer's representations in the citation regarding the recognizance.

The court will protect the defendants' interest in this regard by retaining the power, pursuant to § 52-128, to require an appropriate recognizance if the present one does not afford the protection such recognizances were created for or otherwise protect the defendants' claim for costs as a result of the court's supervisory powers over commissioners of the Superior Court and its powers to protect its jurisdiction in cases of this type.

In any event, the motions to dismiss by the Nerkowskis and the board are denied.